**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erasto VALLEJO, a/k/a Erasto Vallejo–Castillo, E.T., Rascal & Baby Poppy, Defendant–Appellant.**

No. 07–50129.

United States Court of Appeals, Ninth Circuit.

---

Submitted Sept. 8, 2008.*

Filed Sept. 11, 2008.

Michael J. Raphael, Esq., Fred Wallace Slaughter, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn A. Young, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM**

Erasto Vallejo appeals from the 37–month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

Vallejo contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors. He also contends that his sentence is substantively unreasonable. We conclude that the district did not procedurally err and that Vallejo's sentence is not substantively unreasonable. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007).

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Vallejo's contention that the supervised release condition requiring him to report to the probation office within 72–hours of any reentry to the United States violates his Fifth Amendment right against self incrimination is foreclosed by *United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir.2007).

We also conclude that the district court did not err in denying Vallejo's motion to dismiss the indictment. Vallejo's contention that the fact a firearm was manufactured outside the state in which it was found is insufficient to confer federal jurisdiction over the matter pursuant to the Commerce Clause is foreclosed by *United States v. Latu*, 479 F.3d 1153, 1156–57 (9th Cir.2007).

■ Finally, Vallejo contends that Conditions 6, 7, and 8 of his supervised release are unconstitutionally vague and overbroad. We conclude that Conditions 7 and 8 are constitutionally permissible. *See United States v. Soltero*, 510 F.3d 858, 865–67 (9th Cir.2007). However, as conceded by the Government, Condition 6 is unconstitutionally vague and overbroad because it prohibits Vallejo from associating with "any disruptive group." *See id.* at 867. In addition, our case law suggests that this condition's failure to limit the restriction to associating with "known" members of criminal street gangs also renders the condition vague and overbroad. *Cf. United States v. Ross*, 476 F.3d 719, 722–23 (9th Cir.2007). Accordingly, we remand to the district court for it to revise Condition 6 to excise the term "disruptive group" and to specify that the restriction on associating with gang members applies to persons "known" to Vallejo to be members of criminal street gangs.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.